ROBERT BRIAN BLACK    7659
BENJAMIN M. CREPS        9959
DÉVI DIANA STONE CHUNG  12173
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@publicfirstlaw.org
ben@publicfirstlaw.org
fellow@publicfirstlaw.org
Tele:  (808) 531-4000
Facsimile:  (808) 380-3580

*Attorneys for Movant Public First Law Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 26-112<br>[CR NO. 19-CR-99-DKW-KJM]<br><br>MOTION TO UNSEAL GOVERNMENT MOTION AS TO DEFENDANT KAULANA FREITAS [DKT. 1809] AND DEFENDANT FREITAS'S SENTENCING MEMORANDUM [DKT. 1820]; CERTIFICATE OF SERVICE |

**MOTION TO UNSEAL GOVERNMENT MOTION AS TO DEFENDANT KAULANA FREITAS [DKT. 1809] AND DEFENDANT FREITAS'S SENTENCING MEMORANDUM [DKT. 1820]**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................i

TABLE OF AUTHORITIES..........................................................................ii

I.   FACTUAL BACKGROUND....................................................................2

II.   THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. ......................3

III.  THE PUBLIC HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. ......................6

IV.  THE PUBLIC HAS A RIGHT TO ACCESS SENTENCING FILINGS. ....7

IV.  AUTOMATIC SEALING OF SENTENCING RECORDS CONTRAVENES THE PUBLIC RIGHTS OF ACCESS. .........................10

CONCLUSION ......................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143 (9th Cir. 1983)......................5, 11

*CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985)................................1, 4, 7

*Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*,
   117 F.4th 1200 (9th Cir. 2024). ....................................................................1, 10

*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596 (1982) ......................3, 4, 5, 11

*In re Copley Press, Inc.*, 518 F.3d 1022 (9th Cir. 2008).....................................9, 10

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ..............9

*Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990)...5, 9, 11, 12

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940
   (9th Cir. 1998).................................................................................6, 10, 11

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984)........................................4, 5

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ........................3, 4, 5

*U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18 (9th Cir. 1965)............................6, 7

*United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005)........................................8

*United States v. Brooklier,* 685 F.2d 1162 (9th Cir. 1982) ....................................10

*United States v. Bus. of the Custer Battlefield Museum & Store*,
   658 F.3d 1188 (9th Cir. 2011) ........................................................................6, 7

*United States v. Doe*, 870 F.3d 991 (9th Cir. 2017)....................................9, 11, 12

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)....................................7

*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)..............................................8

*United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) ..........................8

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012)...........................................7

ii

*United States v. Schlette*, 842 F.2d 1574, *amended* 854 F.2d 359 (9th Cir. 1988) ................................................................................................8


## Rules

Crim. L.R. 5.2 (D. Haw.).................................................................passim

Crim. L.R. 11.1 (D. Haw.).................................................................12

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution and the common law, and in accordance with Criminal Local Rule 5.2(b)(4), Public First Law Center (Public First) moves to unseal the Government's motion as to Defendant Kaulana Freitas [Dkt. 1809] and the sentencing memorandum and exhibits filed by Defendant Freitas [Dkt. 1820] in *United States v. Miske*, Case No. 19-CR-99-DKW-KJM.[1]

As both the Ninth Circuit "and the Supreme Court have recognized, the First Amendment grants the public a presumptive right to access nearly every stage of post-indictment criminal proceedings" including "records filed in those criminal proceedings." *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024). Because the "penal structure is the least visible, least understood, and least effective part of the justice system", sentencing records—particularly those indicating either parties' advocacy for adjustments or departures from the sentencing guidelines—should not be shielded from public view. *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (government not permitted to hide its position supporting or opposing motion to reduce sentence). Public First respectfully requests that this Court unseal these records. No justification has been provided for complete sealing.

---

[1] Unless otherwise stated, "Dkt." refers to the Docket of *United States v. Michael J. Miske, Jr., et al.*, 19-CR-99-DKW-KJM.

## I.    FACTUAL BACKGROUND

On March 9, 2022, pursuant to a written plea agreement, Freitas pleaded guilty to a racketeering conspiracy, 18 U.S.C. § 1962(d), and using a chemical weapon, 18 U.S.C. § 229(a).  Dkt. 485 at PageID.3356-57.  He acknowledged engaging in various criminal activities associated with the "Miske Enterprise", a RICO organization run by Michael J. Miske Jr.[2]  *Id.* at PageID.3359-65.  Freitas agreed to fully cooperate with the Government.  *Id.* at PageID.3374-77.  According to the plea agreement, if Freitas "provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense" the Government might make a motion for downward departure under 18 U.S.C. § 3553(e), Guidelines § 5K1.1, or Fed. R. Crim. P. 35(b).  *Id.* at PageID.3376.  Over the course of three days in February 2024, Freitas testified against Miske.  Dkt. 1316, 1320, 1323.

On January 7, 2025, the Government filed a sealed motion as to Freitas without a motion to seal.  Dkt. 1809.  On January 11, Freitas filed a sentencing memorandum with twelve exhibits under seal without a motion to seal.  Dkt. 1820.

---

[2] Freitas was Miske's cousin and long-time personal assistant.  *E.g.*, Mark Carpenter, *Cousin testifies alleged crime boss ordered him to release chemical into nightclub,* Hawaii News Now (Feb. 15, 2024).

2

On January 16, this Court held a public sentencing hearing.  Dkt. 1826.  The Court granted the Government's sealed motion and sentenced Freitas to 36 months, a significant departure from the offense level discussed in his plea agreement. *Compare id.*, *with* Dkt. 485 at PageID.3365-67.

## II.   THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The constitutional right of public access to criminal proceedings is among those rights that, "while not unambiguously enumerated in the very terms of the [First] Amendment, are nonetheless necessary to the enjoyment of other First Amendment rights." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982).  "A major purpose of that Amendment was to protect the free discussion of governmental affairs." *Id.*; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government").  Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that debate on public issues should be uninhibited, robust, and wide-open, but also

3

the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed.").

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring). "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Id.* at 569; *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) [*Press-Enter. I*] ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

The presumption of openness to criminal proceedings and documents "is at the foundation of our judicial system." *CBS*, 765 F.2d at 826. Such openness "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enter. I*, 464 U.S.

4

at 508.  "A result considered untoward may undermine public confidence, and where the trial has been concealed from public view, an unexpected outcome can cause a reaction that the system, at best, has failed, and, at worst, has been corrupted."  *Richmond Newspapers*, 448 U.S. at 571 (plurality opinion); *Globe Newspaper*, 457 U.S. at 606 ("[P]ublic access to the criminal trial fosters an appearance of fairness, thereby heightening public respect for the judicial process." "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."  *Richmond Newspapers*, 448 U.S. at 572 (plurality opinion).

The same First Amendment standards for closing courtroom proceedings apply to sealing documents for criminal proceedings.  *E.g.*, *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983).  That standard establishes "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at 510; *accord Globe Newspaper*, 457 U.S. at 606-07.  When the First Amendment right of access applies, "[i]t is the burden of the party seeking closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his [or her] rights."  *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1467 (9th Cir. 1990).

5

The Government and Freitas thus have the burden to prove that:  "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998).  The findings may not be based on "conclusory assertions."  *Id*.

## III.  THE PUBLIC HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The Ninth Circuit has recognized only a few judicially filed criminal records that are not subject to the common law right of access "because the records have traditionally been kept secret for important policy reasons."  *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011).  Those categorically exempt records include, for example, grand jury transcripts and warrant materials during pre-indictment investigation.  *Id.*  For all other judicial records, "a strong presumption in favor of access is the starting point."  *Id.* at 1194.

The "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1194-95.  Should "the reasons for maintaining secrecy [] not apply at all in a given situation, or apply to only an insignificant degree, the party seeking

disclosure should not be required to demonstrate a large compelling need." *U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18, 21 (9th Cir. 1965). A court presented with a motion to seal must then balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Custer Battlefield*, 658 F.3d at 1194 at 1195. "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

## IV.    THE PUBLIC HAS A RIGHT TO ACCESS SENTENCING FILINGS.

The Ninth Circuit has long recognized that the public rights of access extend to sentencing proceedings and related documents. *CBS*, 765 F.2d at 825 (unsealing government motions to reduce sentence under Rule 35); *accord U.S. Indus.*, 345 F.2d 18, 22-23 (pre-*Press Enterprise* case requiring unsealing of government's sentencing statement with redactions to protect the identity of grand jury witnesses); *see also United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012) (articulating the value of open proceedings for sentencing). As then-Judge Kennedy explained:

> We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justification for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system, apply with as much force to post-conviction proceedings as to the trial itself.

7

*CBS*, 765 F.2d at 825 (citation omitted); *see also United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (public right of access to sentencing memoranda); *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013) (same); *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) (same); *United States v. Alcantara*, 396 F.3d 189, 196-99 (2d Cir. 2005) (sentencing hearing).

The Government's and Defendant's factual and legal justifications used to advocate for certain sentencing outcomes should be accessible for the public to understand the operation of the criminal justice system and the sentencing process. *E.g.*, *United States v. Schlette*, 842 F.2d 1574, 1582-83, *amended* 854 F.2d 359 (9th Cir. 1988) (access justified by desire "to publish information that bears on the workings of the criminal justice system"). As *Schlette* observed, there is a

> *legitimate interest in explaining to a concerned public the means by which sentencing decisions are made*. Making the public aware of how the criminal justice system functions surely serves the ends of justice. Publishing sufficient information to allow the public to join in a dialogue about the courts and the treatment of defendants can only have a positive impact on the public's perception of our judicial system.

*Id.* at 1583 (emphasis added).

To maintain Dkt. 1809 and 1820 under seal, the Government and Freitas must prove that a compelling interest exists and that there is a substantial

8

probability of harm to that compelling interest.[3]  Even if such proof exists, "alternatives to closure" other than complete sealing—such as redactions or placement in a witness protection program—must be considered.  *Oregonian Publ'g*, 920 F.2d at 1467 n.1.

In certain circumstances, threats to the safety of cooperating defendants may justify sealing.  *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).  However, such threats must be considered on a "case-by-case basis".  *Id.* at 998.  The threats must be based on "specific factual findings."  *Oregonian Publ'g*, 920 F.2d at 1466-68 (ruling against overriding the presumption of openness when the alleged safety concerns for cooperator defendant were based on "conclusory assertions").

Freitas's cooperation with the Government is no secret.  His cooperation is well-documented, including his public testimony at trial and publicly filed plea agreement.  "Secrecy is a one-way street: Once information is published, it cannot be made secret again."  *E.g.*, *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1184

---

[3] Based on the plea agreement, Public First assumes that the Government filed a 5K1.1 motion for downward departure, that Freitas's sentencing memorandum discussed his cooperation, and that the Government and Freitas filed the documents without a motion to seal pursuant to Criminal L.R. 5.2(a)(9).  Because no motion to seal or sealing order has been filed, Public First can only speculate regarding the possible reasons that the Government or Freitas may offer for sealing.

(9th Cir. 2006) (affirming an unsealing order because the information at issue was "already publicly available"). And even if there were potential threats to Freitas's safety, alternatives to complete closure must be exhausted before sealing. *Copley Press, Inc.*, 518 F.3d at 1028-29 (no compelling interest to seal cooperation information when government had taken steps to ensure the safety of individuals who may be harmed if cooperation is disclosed).

The records should be unsealed unless there are concrete facts demonstrating a substantial probability of harm to a person who cannot be protected through any means short of sealing. Sealing the entirety of the Government's motion and Freitas's sentencing memoranda is not a narrowly tailored solution.

## IV.    AUTOMATIC SEALING OF SENTENCING RECORDS CONTRAVENES THE PUBLIC RIGHTS OF ACCESS.

Automatically sealing filings related to 5K1.1 cooperator agreements and cooperator-related filings, under Criminal LR 5.2(a)(9), unconstitutionally contravenes the public rights of access. The presumption of public access requires that courts follow certain procedures *before* sealing records. *Phoenix Newspapers*, 156 F.3d at 949-51. When the First Amendment right of access applies, the "procedural prerequisites to closure" require: (1) the public be given "a reasonable opportunity to state their objections"; and (2) "the reasons supporting closure must be articulated in findings." *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982). That does not happen when a rule permits filing presumptively

10

public court records under seal without any judicial review. *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024) ("where the right of access attaches, the procedures of case-by-case sealing and mandatory, categorical sealing are not on equal constitutional footing.").

As the Ninth Circuit observed, a "presumption of closure for all court filings [regarding cooperation] would not be consistent with our circuit's case law." *Doe*, 870 F.3d at 1002; *accord Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983) (automatic sealing orders "impermissibly reverse the 'presumption of openness' that characterizes criminal proceedings 'under our system of justice'").

> The procedural and substantive safeguards described in *Oregonian* and *Brooklier* are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. . . . Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

*Phoenix Newspapers*, 156 F.3d at 951.

Even though there may be reasons to seal cooperator-related filings, a court must address the issue on a case-by-case basis before sealing. *E.g.*, *Globe Newspaper*, 457 U.S. at 608 ("A trial court can determine on a case-by-case basis whether closure is necessary to protect the welfare of a minor victim."); *Oregonian*

11

*Publ'g*, 920 F.2d at 1467 (unsealing plea agreement where "no evidentiary support" that disclosure would endanger cooperator defendant and his family); *Doe*, 870 F.3d at 1002 ("nothing in our precedent prevents district courts from adopting some variation of the practices recommended by the CCACM Report, as long as district courts decide motions to seal or redact on a case-by-case basis.").

Criminal LR 5.2(a)(9) is unconstitutional.  Contrary to the public's First Amendment and common law presumptive rights of access to sentencing records, Criminal LR 5.2(a)(9) impermissibly *requires*—subject to the threat of sanctions, Criminal LR 11.1—that parties file cooperator-related documents under seal, with no motion to seal, no judicial review, and no order containing specific factual findings.

## CONCLUSION

Based on the foregoing, Public First respectfully moves this Court to unseal the Government's motion [Dkt. 1809] and Defendant Freitas's sentencing memorandum [Dkt. 1820].

DATED:  Honolulu, Hawai`i, April 3, 2026

/s/     Dévi D. S. Chung
ROBERT BRIAN BLACK
BENJAMIN M. CREPS
DÉVI DIANA STONE CHUNG
Public First Law Center
*Attorneys for Public First Law Center*

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

IN RE:  PUBLIC FIRST LAW
CENTER,

Movant.

MISC. NO. 26-112
[CR NO. 19-CR-99-DKW-KJM]

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below

a true and correct copy of the foregoing will be served on the following at their last

known addresses:

Served Electronically:

| | | |
|---|---|---|
| Aislinn Affinito | aislinn.affinito@usdoj.gov | April 3, 2026 |
| Mark A. Inciong | mark.inciong@usdoj.gov | April 3, 2026 |
| Michael David Nammar | michael.nammar@usdoj.gov | April 3, 2026 |
| William KeAupuni Akina | kakina@littler.com | April 3, 2026 |
| Craig S. Nolan | craig.nolan@usdoj.gov | April 3, 2026 |
| Sydney Spector | sydney.spector@usdoj.gov | April 3, 2026 |
| Andrew E. L. Strand | andrew@breinerlaw.net | April 3, 2026 |
| Andrew M. Kennedy | andrew@kona-lawyer.com | April 3, 2026 |
| Elizabeth Richardson-Royer | beth@richardsonroyer.com | April 3, 2026 |
| Caroline Elliot | cme@carolineelliot.com | April 3, 2026 |
| Christian G. Enright | christian@enrightlawhawaii.com | April 3, 2026 |
| Cynthia A. Kagiwada | c_kagiwada@hotmail.com | April 3, 2026 |
| David Hendrickson | david@themilitarydefenselawyer.com | April 3, 2026 |
| Gary K. Springstead | gary@sbbllaw.com | April 3, 2026 |
| Heath M. Lynch | heath@sbbllaw.com | April 3, 2026 |
| Kathryn M. Springstead | kathy@sbbllaw.com | April 3, 2026 |
| Lynn E. Panagakos | lynnpanagakos@yahoo.com | April 3, 2026 |
| Mark R. Zenger | mrz@richardsandzenger.com | April 3, 2026 |
| Marcia A. Morrissey | morrisseyma@aol.com | April 3, 2026 |
| Matthew Dennis Mannisto | mannistoLaw@gmail.com | April 3, 2026 |
| Michael Jerome Kennedy | michael@mjkennedylaw.com | April 3, 2026 |

| | | |
|---|---|---|
| Myles S. Breiner | admin@breinerlaw.net | April 3, 2026 |
| Nicole E. Springstead-Stolte | nicole@sbbllaw.com | April 3, 2026 |
| Ramiro Salazar Flores, Jr. | abogadoflores@msn.com | April 3, 2026 |
| Sean Patrick Fitzsimmons | sfitzsimmons@tpm-hawaii.com | April 3, 2026 |
| William A. Harrison | william@harrisonlawcenter.com | April 3, 2026 |
| William C. Bagasol | attorneybagasol@outlook.com | April 3, 2026 |
| William L. Shipley, Jr | 808Shipleylaw@gmail.com | April 3, 2026 |
| Walter J. Rodby, I | attorneyrodby@msn.com | April 3, 2026 |

DATED:  Honolulu, Hawai\`i, April 3, 2026.

/s/     Dévi D. S. Chung
DÉVI DIANA STONE CHUNG
*Attorney for Movant Public First Law Center*